# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:08-cr-00161 |
| ) | Judge Trauger |
| SAMANTHA G. DOVER ) | |

## O R D E R

Pending before the court is a "Motion to Run Time Concurrent" filed by defendant Samantha Dover (Docket No. 127), to which the United States has responded in opposition (Docket No. 128).

On June 11, 2009, Samantha Dover entered a plea of guilty to all three counts of the Superseding Indictment[1] (Docket No. 78) and, on March 18, 2010, the court sentenced Dover to seventy eight (78) months of imprisonment (Docket No. 116).

Defendant Dover's motion asks that the court enter an order requiring the Bureau of Prisons (BOP) to provide her credit for time served in a state criminal matter, Case No. CR 2856(B), Criminal Court, White County, Tennessee. Dover alleges that the state incarceration was for the same crime for which she was convicted in the federal court in the instant case. (Docket No. 127).

In opposing the defendant's motion, the United States contends that the motion must be denied because the defendant has not exhausted her administrative remedies before filing her motion; thus, this court lacks jurisdiction to entertain her request. (Docket No. 128).

---

[1]Count One of the Superseding Indictment charged conspiracy to manufacture, distribute, and possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. Count Two charged possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Count Three charged possession of equipment, chemicals, products, and materials which may be used to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6) and 18 U.S.C. § 2. (Docket No. 33).

Complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit. *United States v. Westmoreland*, 974 F.2d 736, 737-38 (6th Cir. 1992). A district court may review the BOP's calculation but may not compute sentencing credit in the first instance, for it is the Attorney General, not the court, who has the authority to calculate sentence credits for time served before sentencing. *United States v. Wilson*, 503 U.S. 329, 333 (1992); *McClain v. Bureau of Prisons*, 9 F.3d 503, 504 (6th Cir. 1993).

Here, the defendant has provided no proof nor even alleged that she has exhausted her administrative remedies before filing the instant motion. Consequently, at this time the court lacks subject matter jurisdiction to entertain her motion. *United States v. Singh*, 52 Fed. Appx. 711, No. 02-3140, 2002 WL 31770391, at **1-2 (6th Cir. Dec. 6, 2000)(affirming the district court's denial of federal prisoner's motion for credit for time served while in state custody on grounds that the district court lacked jurisdiction to calculate sentencing credit, to reduce prisoner's sentence under 18 U.S.C. § 2582(c), or to order the federal sentence to run concurrently; prisoner failed to allege that he had exhausted administrative remedies before bringing the action).

For these reasons, the defendant's motion is hereby **DENIED**.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge